# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

JOSHUA R. ALLEN　　　　　　　　　　　　　　　　　　　　　　　　　　　　PETITIONER
ADC #153484

v.　　　　　　　　　　Case No. 5:16-cv-00008 JM-JTK

WENDY KELLEY, Director,
Arkansas Department of Correction　　　　　　　　　　　　　　　　　　　RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

　　　　1.　　Why the record made before the Magistrate Judge is inadequate.

　　　　2.　　Why the evidence to be proffered at the requested hearing before the United

States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus filed by Joshua R. Allen. (Doc. No. 1) After reviewing the parties' briefing and the available evidence, the undersigned recommends that the petition be denied and dismissed with prejudice.

## Background

Joshua R. Allen was accused of pulling up to a car in Southwest Little Rock, driven by Antonio Johnson, and firing several shots. Johnson was uninjured but his passenger, Latonio Quince, was killed. The Pulaski County Circuit Court convicted Petitioner of capital murder, four counts of committing a terroristic act, and a 10-year firearm enhancement.[1] He received a life sentence without the possibility of parole plus ten years. *Allen v. State*, 2013 Ark. 396.

---

[1] Allen's first trial ended in a mistrial. At Allen's first trial, Johnson admitted to stealing marijuana from Allen several years earlier. He denied having a gun. At Allen's second trial, Johnson admitted that he had lied and that he had in fact robbed Allen at gunpoint. Allen denied that Johnson ever robbed him.

2

On October 10, 2013, the Arkansas Supreme Court affirmed Petitioner's conviction. *Id.*; Doc. No. 1, Exhibit A. The sole point on appeal was whether the Pulaski County Circuit Court erred in excluding Ark. R. Evid. 404(b) testimony.[2] The Arkansas Supreme Court found the circuit court did not err in excluding the proffered testimony. *Id.* The Arkansas Supreme Court also examined the trial record pursuant to its rule 4-3(i) for all objections, motions, and requests made by either party and decided adversely to Allen, yet it found no prejudicial error. *Id.*

Petitioner subsequently filed a Rule 37 petition, which was denied by the circuit court.[3] Doc. No. 1, Exhibit B and Exhibit C. Petitioner appealed the circuit court's denial, and the Arkansas Supreme Court, by per curiam opinion, dismissed the appeal and affirmed the circuit court, finding Petitioner's claims conclusory in nature. *See Allen v. State*, 2015 Ark. 55; Doc. No. 1, Exhibit D. It was after this ruling that Petitioner submitted the instant habeas petition.

## Discussion

---

[2] Prior to trial, the court held an evidentiary hearing on whether it would allow the testimony of Demetrius Thompson to testify regarding certain alleged bad acts by Johnson. Thompson proffered that, in May 2010, Johnson approached him about robbing another person at gunpoint to steal his drugs and car rims. He would have further testified that Johnson left him, forcing him to steal the victim's car, and that he was then serving time in prison for the robbery. Thompson would also testify as to a second alleged bad act by Johnson wherein Johnson was to have given him a handgun and counterfeit bills to buy drugs from someone and that Johnson again drove off and left him. The State of Arkansas objected on the grounds of relevancy to the proffered testimony. The Pulaski County Circuit Court thereafter denied Allen's motion to admit the proffered testimony. The Arkansas Supreme Court ruled that Allen had failed to demonstrate how Johnson's alleged bad acts occurring after the shooting incident, was relevant to any material issue in the case, or that the proffered evidence was admissible for any other purpose.

[3] Petitioner's original Rule 37 petition was dismissed on January 16, 2014, on the grounds that it was untimely; however, that order was subsequently vacated because the late filing was due to clerk error. Petitioner then sought an extension of time to file an amended petition, which was granted, but he failed to file the amended petition; thus, on July 7, 2014, the court entered a final order denying the original petition and noting the failure to file an amended petition. *See Allen v. State*, 2015 Ark. 55; Doc. No. 1, Exhibit D.

Petitioner argues that he is entitled to relief pursuant to 28 U.S.C. § 2254 because (1) he was denied due process under the 14th Amendment and confrontation under the 6th Amendment by the State being allowed to tender hearsay evidence that was prejudicial and denied him a fair trial; (2) counsel was ineffective for not asking Johnson on cross examination about his disposal of a gun prior to seeking help for Quince; and (3) he was subjected to double jeopardy by his conviction on the consecutive count of the firearm enhancement. Doc. No. 1, Petition.

Respondent admits Petitioner is in his custody and that there are no non-futile state remedies available to him. Respondent denies, however, that Petitioner is entitled to habeas relief. Instead, Respondent asserts that the claims are procedurally defaulted. Alternatively, Respondent asserts that the claims lack merit. Doc. No. 8, Response.

In Reply to the Response, Petitioner counters that his claims are not procedurally defaulted because, pursuant to Arkansas law, his life without parole sentence entitled him to an independent review of all adverse rulings. Doc. No. 10, Reply. Therefore, it is Petitioner's position that, despite his failure to raise certain issues previously, the Arkansas Supreme Court's review of the entire case record for errors entitles him to have all claims raised in the habeas petition addressed on the merits. *Id.*

In *Williams v. Norris*, 576 F.3d 850, 865 (8th Cir. 2009), the Eighth Circuit held that Arkansas Supreme Court Rule 4-3(i) review of the trial record, in cases where life imprisonment or the death penalty is imposed, is not sufficient to fairly present a federal claim to the Court so as to avoid procedural default. Petitioner argues that the Eighth Circuit, in *McGehee v. Norris*, 588

4

F.3d 1185, 1198 n.3 (8th Cir. 2009), pronounced its doubt on whether *Williams* overruled *Starr v. Lockhart*, 23 F.3d 1280, 1287 (8th Cir. 1994) and its holding that the Arkansas Supreme Court's automatic review under Rule 4-3(h)—now 4-3(i)—preserved a petitioner's federal claim and thereby avoided procedural default even when the argument was not raised in the state proceedings.

Despite Petitioner's plea to the contrary, the Court finds that all of the claims are procedurally defaulted because they were not fairly presented to the state appellate court. "This Court has no authority to hold that the Eighth Circuit mischaracterized the decision of the state court or that the Eighth Circuit misdescribed its own decision." *Williams v. Kelley*, 2017 WL 1395613, at *3 (E.D. Ark., Apr. 18, 2017). Although the Arkansas Supreme Court, pursuant to its rule, reviews all decisions by the circuit court adverse to Petitioner on direct review, a claim is procedurally defaulted for habeas review if it is not fully briefed by the parties. Here, Petitioner did not present any of his claims to the state court; therefore, the claims are procedurally defaulted.

Procedural default can be excused if Petitioner can show either cause and actual prejudice or that the default will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The cause necessary must be "some objective factor external to the defense." *McCleskey v. Zant*, 499 U.S. 467, 493 (1991). In order to provide sufficient cause to excuse procedural default of ineffective assistance of counsel claims, Petitioner must show that the claim is substantial and that post-conviction counsel was ineffective in not raising it. *Trevino v. Thaler*, 133 S.Ct. 1911, 1921 (2013); *Martinez v. Ryan*, 566 U.S. 1, 14 (2012). A substantial

5

ineffectiveness claim is one that has "some merit." *Martinez*, 566 U.S. at 14. Petitioner must likewise show deficient performance and resulting prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984).

The Court finds no allegations in the petition that might serve to establish cause and actual prejudice to excuse procedural default of these three claims; nor does Petitioner claim to be actually innocent.

The *Martinez* framework applies to Petitioner's first two claims because he was *pro se* in his state postconviction proceedings. Nevertheless, the claims are not substantial. Counsel, on the day before trial and the morning of, made argument that, allowing Johnson to testify regarding phone calls him and his girlfriend received to induce them not to testify, was hearsay, irrelevant, and prejudicial. Further, Johnson was available at trial, and defense counsel was able to question him on cross examination as to who made the threats. At trial, Johnson confirmed that Petitioner had not made the threats.[4] Further, as to the claim that counsel was ineffective for failing to ask Johnson on cross examination about his disposal of a gun, there is no merit. During trial, the prosecutor asked Johnson on direct examination if he even had a gun that night, to which he replied no. When asked if he pulled over after the shooting and threw anything out of the car, Johnson again said no. Having already been asked and answered, it was not ineffective for trial counsel to not ask the same questions again. *United States v. Walker*, 324 F.3d at 1032, 1040 (8th Cir. 2003) (if the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim).

---

[4]The implication by the State was that Petitioner conspired with someone to prevent Johnson from testifying.

Finally, Petitioner contention that his conviction for the firearm enhancement subjected him to double jeopardy likewise cannot survive procedural default. Petitioner's inability to have his claim considered stems from his failure to raise it in state court. *See Wallace v. Lockhart*, 12 F.3d 823, 825 (8th Cir. 1994). Therefore, because he cannot show cause for his procedural default, the Court need not consider whether he was prejudiced by the state's alleged double jeopardy violation.

## Conclusion

IT IS THEREFORE ORDERED that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 2) be, and is hereby, dismissed, with prejudice. The relief prayed for is DENIED.

The Court will not issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 11th day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE